# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **CHARLES WILLIAM VOIGHT** | § | |
| | § | |
| V. | § | NO. 1:04-CV-532 |
| | § | |
| **R. L. ELDRIDGE CONSTRUCTION** | § | |
| **INC., GABBY'S DOCK SHIPYARD** | § | |

## ORDER ADOPTING
## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The court referred this case to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.  The court has received and considered the Report and Recommendation of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence.

The magistrate judge recommended that defendants' motions to dismiss and for partial summary judgment be granted.  Further, because that will dispose of all parties and claims, final judgment should be entered.

Plaintiff has not objected to the magistrate judge's proposed findings, conclusions of law or recommendation of disposition.  However, defendants filed an objection to footnote nine (9) in the report (<u>See</u> Docket No. 61).  For the purpose of preserving their argument in the event of appeal, defendants request that the court amend the magistrate judge's report by excluding footnote nine.

Defendants claim footnote nine suggests they "failed to specifically address the issue of whether the work barges in question qualify as 'vessels' for the purposes of the Jones Act" (See Def.'s Objections at 1).

Upon conducting a *de novo* review of the magistrate judge's report and defendant's objection, the court first concludes footnote nine does not intimate that defendants failed to address the vessel issue. Rather the magistrate judge's analysis does not specifically address the vessel issue. The magistrate judge's report correctly determined that plaintiff was not a "seaman" under the Jones Act because no admissible evidence showed he contributed to the function of a vessel or that he had a substantial connection to a vessel. Footnote nine merely recites that the magistrate judge's report only "assumes arguendo" that the work barges in question were vessels.

In any event, Fifth Circuit precedent has changed the definition of a "vessel" under the Jones Act since the magistrate judge's report was filed. In response to Stewart v. Dutra Construction Co., 543 U.S. 481 (2005), the circuit court in Holmes v. Atlantic Sounding Company, Inc. recently adopted Title 1, United States Code, Section 3, as the definition of "vessel" for claims under the Jones Act. Section 3 provides: "The word 'vessel' includes every description of watercraft or other artificial contrivance used, *or capable of being used*, as a means of transportation on water." See --- F.3d ---, 2006 WL 133537 (5th Cir. Tex. 2006) (emphasis in original). The Supreme Court in Stewart held that, "[u]nder § 3, a 'vessel' is any watercraft practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment." Id. at 1129. The circuit's new definition of "vessel" is now sweepingly broad, and it reveals that

watercrafts formerly held not to be "vessels" under the Jones Act may now be "vessels" for "seaman" status purposes. Consequently, the magistrate judge's arguendo assumption was not error.

The court has considered the magistrate judge's report and conducted a *de novo* review of defendant's objection. The court concludes that the findings of fact and conclusions of law of the magistrate judge are correct. Defendant's objection is **OVERRULED**. Accordingly, the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** that defendant's motion for partial summary judgment (Docket No. 46) is **GRANTED**. It is further

**ORDERED** that defendant's Rule 12(b)(1) motion to dismiss (Docket No. 47) is **GRANTED.** The purpose of referral having been served, it is further

**ORDERED** that the reference to the magistrate judge is **VACATED**.

Because both motions above dispose of all parties and claims, the court will enter final judgment separately.

**SIGNED** this the 8 day of **February, 2006.**

_____
Thad Heartfield
United States District Judge